

# THE ATTORNEY GENERAL

## OF TEXAS

**AUSTIN 11, TEXAS**

**PRICE DANIEL**
ATTORNEY GENERAL

December 22, 1952

Hon. Robert S. Calvert
Comptroller of Public Accounts
Austin, Texas

Opinion No. V-1560

Re: Legality of reimbursing the
travel expense of members
of the Board of Vocational
Nurse Examiners at a mileage
rate greater than that fixed
in the general appropriation
bill.

Dear Sir:

      You have requested the opinion of this office
on the question of whether the limitations of the general
appropriation bill apply to reimbursement for mileage
traveled by members of the Board of Vocational Nurse Ex-
aminers who use their own automobiles while traveling on
official State business. You have aptly described the
distinguishing features of this problem by pointing out
that the funds against which these expenses are attempted
to be drawn are deposited in the State Treasury but that
the appropriation authorizing their use for this purpose
is not included in the general appropriation bill but is
contained in a distinct and separate appropriating act.

      In Attorney General's Opinion V-1255 (1951) it
was held that Section 13 of H.B. 47, Acts 52nd Leg., 1951,
ch. 118, p. 197, the act creating the Board of Vocational
Nurse Examiners, effected a two-year appropriation, for
purposes of administering the act, of all monies paid in-
to the State Treasury under the act even though no item-
ized appropriation for such purposes was contained in the
general appropriation bill. Said Section 13 provides in
part:

      "All monies so paid into the State Treasury
are hereby specifically appropriated to the Com-
mission for the purpose of paying the salaries
and expenses of all persons employed or appointed
as provided herein for the administration of this
Act, including equipment and maintenance of any

supplies for such offices or quarters as
the Commission may occupy, and necessary
traveling expenses for the Commission or
persons authorized to act for it when per-
forming duties hereunder at the request
of the Commission."

Your request discloses that several claims
for reimbursement for intrastate travel expenses have
been presented to you by members of the Board wherein
the claimant seeks reimbursement for use of his own
automobile at a rate of 10¢ per mile.  Article III,
Section 2(12)f of the general appropriation bill, H.B.
426, Acts 52nd Leg., 1951, ch. 499, p. 1228, states:

"Unless otherwise specifically pro-
vided by the statutes, it is provided that
any officer or employee who travels on offi-
cial State business and who used his own car
while so doing shall be reimbursed for the
use of said car on the basis of the total
mileage traveled during any calendar month
at the following rate:  Six Cents (6¢) per
mile for the first thousand miles traveled
and Five Cents (5¢) per mile for each mile
traveled in excess of one thousand miles.
. . ."

The same section and subsection sets out other limita-
tions and requirements relevant to reimbursement for
mileage traveled in a private automobile while on State
business.

We are of the opinion that Article 6823, Ver-
non's Civil Statutes, answers the question of whether
mileage rates specified in the general appropriation
bill are to be applied to mileage reimbursement claims
submitted by members of the Board of Vocational Nurse
Examiners.  That article presently provides:

"The traveling and other necessary ex-
penses incurred by the various officers,
assistants, deputies, clerks, and other em-
ployees in the various departments, institu-
tions, boards, commissions or other subdivi-
sions of the State Government, in the active
discharge of their duties shall be such as
are specifically fixed and appropriated by

the Legislature in the general or supple-
mental appropriation bills providing for
the expenses of the State Government from
year to year. When appropriations for
traveling expenses are made any allowances
or payments to officials or employees for
the use of privately owned automobiles
shall be on the basis of actual mileage
traveled for each trip or all trips cover-
ed by the expense accounts submitted for
payment or allowance from such appropria-
tions, and such payment or allowance shall
be made at a rate set by the Legislature
for each mile actually traveled, and no
additional expense incident to the opera-
tions of such automobile shall be allowed."

This statute, being general legislation, evidences a
legislative policy that the specific travel expense
limitations and requirements contained in each general
appropriation bill are intended to have some applica-
tion to travel expense appropriations other than those
covered by the general appropriation bill. If this
were not true, Article 6823 would serve no purpose and
its enactment would have been a vain thing since, ob-
viously, Article III, Section 2(12)f of H.B. 426, supra,
applies to funds appropriated in that act.

The extent of application of the specific trav-
el expense limitations and requirements of Section 2(12)
f, supra, to appropriations separately enacted must be
determined by a comparison of the Section 2(12)f provi-
sions to the provisions of each individual appropriation
act. Article 6823 requires that such a comparison be made.
If the individual appropriating act contains no specific
travel expense provisions, then the provisions of Section
2(12)f are entirely applicable. However, if the individ-
ual appropriating act evidences a legislative intent rela-
tive to those particular travel expense reimbursements
which is completely or in some respects at variance with
Section 2(12)f, then, to the extent of variance, Section
2(12)f limitations and requirements do not apply because
by express reservation the provisions of this part of the
general appropriation bill apply only where it is not "oth-
erwise specifically provided by the statutes."

Applying these rules to the present facts, it is
clear that Section 2(12)f travel expense reimbursement
provisions are applicable to members of the Board of Voca-
tional Nurse Examiners. The separate appropriation bill

authorizing reimbursement in this case, H.B. 47, _supra_, does not specifically authorize a 10¢ per mile reimbursement rate or any other rate. In fact, it does not specify any limitations or requirements whatsoever for determining and paying the "necessary traveling expenses" therein authorized to be reimbursed.

Our study of this question has brought to our attention one prior opinion of this office which should be mentioned. Attorney General's Opinion O-4928 (1942) expresses the view that Article 6823, as it existed prior to amendment in 1949, did not

" . . . incorporate by reference the limitations upon traveling expenses which may be contained in the Departmental Appropriation Bill or any other general appropriation bill into other appropriations wherein such limitations are not expressly contained."

The above opinion request did not involve the same kind of travel expense limitation as the present, nor did it concern the present, amended form of the statutes here dealt with. Consequently, Opinion No. O-4928 is not _contra_ to the conclusion herein expressed and need not be overruled. On the other hand, the reasoning employed in that opinion and, particularly, the construction placed on Article 6823, is in our opinion not sound and is obviously contrary to what is expressed herein.

## SUMMARY

Under the provisions of Article 6823, the mileage reimbursement provisions of the general appropriation bill, H.B. 426, Acts 52nd Leg., 1951, ch. 499, p. 1228, are applicable to claims for reimbursement by members of the Board of Vocational Nurse Examiners because no mileage reimbursement provisions are "otherwise specifically provided" in the appropriating section of the act (H.B. 47, Acts 52nd Leg., 1951, ch. 118, p. 197) creating the Board of

Hon. Robert S. Calvert, page 5  (V-1560)

    Vocational Nurse Examiners, or in any other
    statutes.

APPROVED:                        Yours very truly,

C. K. Richards                       PRICE DANIEL
Trial & Appellate Division       Attorney General

Mary K. Wall
Reviewing Assistant

Charles D. Mathews           By *Phillip Robinson*
First Assistant                      Phillip Robinson
                                         Assistant

PR:wb